Law Library

# IN THE SUPERIOR COURT OF GUAM

CLELLA M. CHAMPACO,

        Plaintiff,

vs.

VICENTE T. CHAMPACO,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

DOMESTIC CASE NO. DM-0425-08

**DECISION AND ORDER**

This matter came before the HONORABLE VERNON P. PEREZ on January 5, 2012 for Defendant's Motion for Reconsideration. Attorney Joaquin C. Arriola Jr. represented Defendant Vicente Champaco. Attorney Harold F. Parker represented Plaintiff Clella Champaco. Parties submitted on the briefs. As both Parties share a common surname they will be referred to herein solely as Plaintiff and Defendant. Having reviewed the pleadings presented, the Court now issues the following Decision and Order

## BACKGROUND

The parties first became acquainted in 1986, married on July 20, 1993, and separated on August 6, 2006. The parties have two adult children but no minor children. Plaintiff filed her Complaint for Dissolution of Marriage on July 7, 2008. Defendant filed an Answer and Counter-Claim on July 25, 2008. Plaintiff seeks divorce on the grounds of adultery, extreme cruelty, willful desertion, willful neglect and irreconcilable differences. (See Complaint at pg. 4) Plaintiff also seeks spousal support. (See Renewed Notice of Motion and Motion for Spousal Support, filed February 1, 2010) Defendant seeks divorce on the grounds of extreme emotional distress, cruelty, and irreconcilable differences. (See Answer at pgs. 2-3)

It is uncontested that Mr. Champaco has developed a romantic relationship with Josephine Champaco, the widow of his brother who passed away in September of 2005. (See Hearing of May 19, 2010 at 10:12) Plaintiff alleges that the affair began before the separation of the parties in 2006, but admits that she has no evidence of this fact. (See Hearing of May 19,

Champaco v. Champaco
Findings of Fact and Conclusions of Law
Domestic Case No. DM-0425-08     - Page 1 of 4 -

2010 at 12:27) Defendant denies that the relationship began before the parties separated. (See Hearing of May 19, 2010 at 10:17-10:18).

Parties tried the case on May 19, 2010 and this Court granted Plaintiff's request for Divorce, through interlocutory decree on June 22, 2010. As to the basis for divorce, this Court found that Defendant committed adultery. Defendant now motions the Court to reconsider the Findings of Fact and Conclusions of Law.

## DISCUSSION

### I. Standard for Reconsideration

Generally, there are several grounds upon which a motion for reconsideration may be granted. These include situations where the trial court: 1) is presented with new evidence; 2) committed clear error or the decision was manifestly unjust; or 3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1, ¶ 10 (April 2, 1998) (citations omitted).[1] In the case here, Defendant alleges that the Court based its decision on the wrong facts.

In addition, "no motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion". CVR 7.1(i). Thus, the Court will only decide the issue of whether or not grounds for reconsideration exist. This Court will not decide on the merits of the case once again.

### II. Timing

Rule 60(b) provides that "the motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. In this matter, reasons (1) and (2) which are mistake and newly discovered evidence respectively where Defendant's reasons for reconsideration. Thus, Defendant had not "more than one year" to file this Motion. Facially, the motion is untimely and the Court does not have to consider the Motion for Reconsideration. The Court's Findings of Fact and Conclusions of Law was filed on June 22, 2010. Defendant had until June 23, 2011 to lodge

---

[1] *See also* Rule 60(b).

his Motion for Reconsideration. Defendant's Motion for Reconsideration; Alternative Motion for New Trial was filed January 5, 2012 which is long after Rule 60(b) allows for such motions. Therefore, the Court will not grant reconsideration of its Findings of Fact and Conclusions of Law. Yet, the Court will make a brief analysis of the Defendant's main contentions that would allow for reconsideration if the motion was timely, which it is not.

## III. Reconsideration

The thrust of Defendant's argument is that the Motion for Reconsideration should be granted because the Court mistakenly based its June 22, 2010 Findings of Fact and Conclusions of Law without receiving evidence tending to prove adultery on behalf of the Defendant. Defendant also argues that he maintains an affirmative defense to a claim of adultery as Plaintiff has forgiven him.[2] Defendant claims the June 22, 2010 Findings of Fact and Conclusions of Law should be reconsidered due to mistake and newly discovered evidence. Rule 60(b).

Adultery is defined as "the voluntary sexual intercourse of a married person with a person other than the offender's husband or wife". 19 GCA § 8204. A person is still husband and wife until final decree of divorce. Without speculating on the practicality of the statute on most marital dissolutions, the Court must conclude that adultery is not excused by the physical separation of the Parties as many jurisdictions have found similarly. *See Boyatt v. Boyatt*, 2485.W.3d 144 (Ten. App. 2007); *See also Ayala v. Ayala*, 2011 WL2930311 (Tex. App. Houston.1.Dist.2011); *Jekot v. Jekot*, 232 S. W.3d 744 (Tenn. App. 2007); *Gee v. Gee*, 13 Pa.C.C. 382 (Pa Com Pl, 1893); *Atkinson v. Atkinson*, 32 S.W. 3d 41 (Ark. App. 2000). Additionally, the Court has enough evidence to base its conclusion of adultery. Defendant admitted that an affair occurred between his self and the wife of his deceased brother before interlocutory decree of divorce and without a separation agreement in place. Defendant's arguments, which include that no evidence supported a conclusion of adultery and that any adultery occurred after the date of separation and therefor is excused, both fail.

---

[2] Defendant argues that Plaintiff condoned the adultery and therefore it could not be the basis for Divorce acting as an affirmative defense to a complaint for divorce.

Defendant finally argues that condonation or recrimination make it impossible for the Court to find adultery as the basis for divorce. The Court finds now that if the opportunity existed at trial to submit evidence of such affirmative defenses, the Court is limited in hearing evidence available to Defendant at the time of trial. Rule 60(b); *See Ward v. Reyes*, 1998 Guam 1. According to the Supreme Court of the Territory of Guam, a party's failure to submit evidence does not make such evidence newly discovered and therefore, that evidence cannot be basis for reconsideration. *Ward v. Reyes*, 1998 Guam 1 ¶ 13. Furthermore, if the evidence "could have and should have been presented to the trial court", it is not an abuse of discretion of a trial court to deny a motion for reconsideration. *Id.*

Here, the evidence existed at the time of the trial and the Court will not take new evidence that a Party could have presented. Thus, the Court must review only what is already in the file. There is not adequate evidence of Plaintiff's condonation or recrimination that the Court could have based the June 22, 2010 Findings on. Even if the Court could review new evidence that was not available to Defendant at the time of the bench trial, the Court does not find the elements of either defense to adultery to be satisfied. Therefore, neither of Defendant's three arguments submitted by Defendant allow for reconsideration. There are no grounds for reconsideration and the Court will not decide the merits of Plaintiff's cause for divorce where the Court has already decided almost two years ago.

### CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Reconsideration. Parties will return on **MAY 2 5 2012** - 9am for a status hearing.

So **ORDERED** this day of 2nd May, 2012.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM